# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| IVY B. MCCRANEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:24-cv-02876-JPM-tmp ) ) |
| FEDEX SECURITY, | ) ) |
| Defendant. | ) ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE

Before the Court is the Report and Recommendation ("R&R") of Chief United States Magistrate Judge Tu M. Pham, entered on May 20, 2025. (ECF No. 21.) Also before the Court is a corrected Motion to Dismiss, filed by Defendant Federal Express Corporation ("Defendant" or "FedEx")[1] on March 27, 2024. (ECF No. 17.) The Magistrate Judge recommends the Court dismiss Plaintiff Ivy B. McCraney's ("Plaintiff's" or "McCraney's") case for failure to state a claim. (See ECF No. 21 at PageID 107.) No objections to the R&R were filed. Time having run, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, **GRANTS** Defendant's Motion to Dismiss, and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

---

[1] In its Motion to Dismiss, FedEx clarifies that FedEx Security, the named defendant, is not a legal entity, but rather a department within FedEx, Plaintiff's former employer. (ECF No. 17 at PageID 64 n.1.)

I.   **BACKGROUND**[2]

Plaintiff's Complaint asserts the following claims for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 et seq.: (1) failure to accommodate; (2) unequal terms and conditions of employment; (3) retaliation; and (4) hostile work environment. (ECF No. 2 at PageID 2, 4, 8–9.)

A.   **Findings of Fact**

Plaintiff was employed as a security officer by FedEx for ten years. (Id. PageID 8.) Plaintiff alleges that she had a persistent, tense working relationship with another security officer, leading to a "hostile work environment." (Id.) According to Plaintiff, that co-worker made several problematic statements, including about killing co-workers. (Id.) Plaintiff alleges that she raised several concerns to management, including that she feared for her life. (Id.) Plaintiff does not, however, allege that the co-worker made any statements based on Plaintiff's alleged disability, or that any of the hostility was because of her alleged disability. (Cf. id.)

That co-worker allegedly was suspended but later returned to work without notice in February 2024.[3] (Id.) On February 26, 2024, Plaintiff allegedly suffered "a pretty bad anxiety attack which turned into a full-on panic attack." (Id.) Consequently, Plaintiff went to the emergency room, then a follow-up with her primary care physician. (See id.) Plaintiff was subsequently referred to a mental health clinic and took medical leave from FedEx. (Id.)

Plaintiff returned to work on June 17, 2024. (Id.) Upon Plaintiff's return, her manager, Darrell Jackson ("Jackson"), allegedly "gave [Plaintiff her] weapon and duty belt." (Id.) However, Plaintiff was subsequently "told to disarm and report to the hub location to screen until [she]

---

[2] This Section incorporates the Proposed Findings of Fact from the R&R. (Id. at PageID 92–97.) Receiving no objections thereon, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

[3] The Court adopts the Magistrate Judge's logic for using the 2024 date. (See ECF No. 21 at PageID 93 n.2.)

completed a practice qualification session." (Id.)[4]  On June 18, 2024, Plaintiff allegedly had a dispute with Jackson about Plaintiff wearing a tank top while off-duty and picking up her equipment. (Id.) Although Plaintiff allegedly "passed [her] practice qualifications," she was still not allowed to return to her armed posting and instead told to "report back to the hub to screen." (Id. at PageID 8–9.) Jackson allegedly told Plaintiff "that they were waiting to hear from legal and HR." (Id. at PageID 9.) Plaintiff argues that she "posed no threats," and that she "had only had a[n] anxiety/panic attack due to the negligence of management to protect [her] rights to a safe, wholesome work environment." (Id.)

Plaintiff allegedly went back on medical leave on June 20, 2024—two workdays after her return[5]—and subsequently resigned on September 16, 2024. (Id. at PageID 8–9.) Plaintiff alleges she has been denied benefits, she was not paid for over six months, and her pay was delayed for the days she returned to work. (Id.) Plaintiff further alleges she "felt retaliation." (Id.)

Plaintiff points to three co-workers allegedly treated more favorably by FedEx. First, the security officer with whom Plaintiff had concerns allegedly had "numerous complaints" and was "brought back without incident" following a suspension. (Id.) Second, another security officer, who Plaintiff alleges was "suicidal Lakeside admitted," was allowed to return to "work in about a week." (Id.) Third, another officer, who allegedly left company property while on duty to shoot at individuals vandalizing her car (which was against FedEx's policy), was allowed to return to work and keep her normal posting. (Id.)

---

[4] FedEx characterizes this reassignment as an "unarmed job posting." (ECF No. 17 at PageID 68.)
[5] The Court adopts the Magistrate Judge's judicial notice of the fact that June 19, 2024, was Juneteenth, a federal holiday. (See ECF No. 21 at PageID 95 n.4.)

3

B.      **Procedural History**

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2024, alleging discrimination based on her disability and retaliation. (ECF No. 17-1). In her EEOC charge, Plaintiff "did not mention whether she requested an accommodation, nor did she identify her disability." (ECF No. 27 at PageID 97.) She received her right-to-sue letter on August 29, 2024. (ECF No. 2 at PageID 6.)

Plaintiff filed her pro se Complaint[6] and motion to proceed in forma pauperis on November 13, 2024. (ECF Nos. 2, 3.) As relief, Plaintiff demands $40,000 in compensatory damages. (ECF No. 2 at PageID 7.) In support of her Complaint, Plaintiff attached her right-to-sue letter from the EEOC, a photo of her torso in the tank top referenced in her Complaint, several e-mails documenting her complaints about her co-worker, and e-mail correspondence between her then-attorney and FedEx.[7] (ECF Nos. 2-1, 2-2.) In one email that Plaintiff sent to several FedEx employees, including Jackson, dated June 19, 2024, Plaintiff complains about her treatment upon returning and mentions that her doctor allowed her to return to work without restrictions. (ECF No. 2-2 at PageID 14.)

On March 28, 2025, Defendant filed its corrected Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17.)[8] Defendant argues Plaintiff fails to state a claim under the ADA because she has not suffered an adverse employment action; she has not adequately pleaded her hostile work environment, disparate treatment, or retaliation claims; and she has not exhausted her administrative remedies as to or adequately pleaded her failure to accommodate

---

[6] Plaintiff utilized the form complaint provided by the Clerk's Office to assist pro se litigants. (ECF No. 21 at PageID 92.)
[7] Plaintiff marks this email correspondence as "communication between my attorney + FedEx Legal." (ECF No. 2-2 at PageID 19.) Plaintiff, however, is not represented in this action.
[8] Defendant filed its original Motion to Dismiss the day before without the EEOC charge attached as an exhibit. (See ECF No. 16.)

4

claim.  (See id. at PageID 68–77.)  In support, Defendant points to Plaintiff's EEOC charge.  (ECF No. 17-1.)

Plaintiff did not timely respond to Defendant's Motion as required by Local Rule 12.1(b).  As a result, the Magistrate Judge entered a show cause order directing her to respond by May 12, 2025.  (ECF No. 20.)  Plaintiff has not responded to the Motion or the Show Cause Order.

The Magistrate Judge filed the R&R on the Motion to Dismiss on May 20, 2025.  (ECF No. 21.)  No objections were filed.

## II. LEGAL STANDARD

### A. Pro Se Complaints

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed.  Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)).  "In assessing the legal sufficiency of a claim, [the Court] may look to documents attached as exhibits or incorporated by reference into the complaint."  Knapp v. City of Columbus, 93 F. App'x 718, 721 (6th Cir. 2004) (citing Amini v. Oberlin Coll., 259 F.3d 493 (6th Cir. 2001)).  Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

### B. Report and Recommendation

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed R. Civ. P. 72(b)(2).  The "failure to properly file objections constitutes a waiver of appeal."

Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The court reviews de novo only those portions of the recommendation to which a party specifically objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For the remainder, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

### III.   ANALYSIS

No objections were filed to the R&R within the required fourteen days. See Fed R. Civ. P. 72(b)(2). The Court thus reviews the Magistrate Judge's recommendations as to Plaintiff's claims for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

The Court now turns to the Magistrate Judge's recommendations as to Plaintiff's four claims: (1) failure to accommodate; (2) unequal terms and conditions of employment, i.e., disparate treatment; (3) retaliation; and (4) hostile work environment. (ECF No. 2 at PageID 2, 4, 8–9.) For the purposes of Defendant's Motion, Plaintiff has "plausibly pleaded that she was disabled from February 26, 2024, onward, presumably based on her mental health condition." (See ECF No. 21 at PageID 99 (citing ECF No. 17 at PageID 68.)

#### A.   Hostile Work Environment

The Magistrate Judge found that Plaintiff "has not plausibly alleged that she was subjected to a hostile work environment based on her disability." (Id. at PageID 100.) "None of her allegations suggest that she was targeted because of her alleged disability." (Id.) "Instead, they relate almost exclusively to her co-worker's aggressive and anti-social behaviors, none of which is alleged to be motivated by discriminatory animus." (Id.)

Finding no clear error on the face of the record, the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** Plaintiff's claim for hostile work environment.

### B.     Disparate Treatment

The ADA prohibits discrimination against qualified individuals with regard to the terms, conditions, or privileges of employment. 28 U.S.C. § 12112(a).

The Magistrate Judge found that Plaintiff also "has not plausibly alleged that she suffered disparate treatment under the ADA." (ECF No. 21 at PageID 101.) Crediting Defendant's suggested interpretation, the Magistrate Judge construed Plaintiff's Complaint to allege "two potentially adverse employment actions—[the] unarmed job posting and her resignation, i.e., constructive discharge." (See id. (quoting ECF No. 17 at PageID 68).) The Magistrate Judge found that neither event qualifies as an adverse employment action under the ADA. (See id.) As to the unarmed posting reassignment, Defendant's choice to wait to clear Plaintiff to use a firearm after a nearly four-month mental-health medical leave only after "due diligence by its human resources and legal departments does not plausibly allege 'harm respecting an identifiable term or condition of employment.'" (Id. at PageID 101–102 (quoting Muldrow v. City of St. Louis, 601 U.S. 346, 355 (2024)).) As to Plaintiff's resignation, Plaintiff fails to allege "any plausible 'nexus between [her] disability and the intolerable workplace' that led to her resignation" which would support a constructive discharge claim. (Id. at PageID 102 (quoting Tchankpa v. Ascena Retail Grp., Inc., 951 F.3d 805, 816 (6th Cir. 2020)).)

Finding no clear error on the face of the record, the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** Plaintiff's claim for disparate treatment.

### C. Retaliation

The ADA prohibits employers from retaliating "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

The Magistrate Judge found that Plaintiff "has not plausibly alleged that she was retaliated against for engaging in protected activity under the ADA." (ECF No. 21 at PageID 103.)

> Assuming arguendo that her June 19 email would qualify as protected activity under the ADA, McCraney's complaint is otherwise limited to her saying she "felt retaliation," (ECF No. 2 at PageID 9), without plausibly connecting that to any retaliatory motive or explaining how it relates to her engaging in protected activity. And although McCraney's complaint is due liberal interpretation, the court "[is] not required to sift through [McCraney's] complaint and [] attachments to look for evidence" of retaliation. Primm v. Dep't of Hum. Servs., No. 16-6837, 2017 WL 10646487, at *3 (6th Cir. Aug. 17, 2017) (first citing Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975); and then citing Frengler v. Gen. Motors, 482 F. App'x 975, 977 (6th Cir. 2012)) (affirming dismissal of plaintiff's ADA claim).

(Id. at PageID 103–104.)

Finding no clear error on the face of the record, the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** Plaintiff's claim for retaliation.

### D. Failure to Accommodate

The ADA prohibits employers from failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). Before filing suit, a plaintiff must exhaust their administrative remedies by timely filing a charge with the EEOC. Bullington v. Bedford Cnty., 905 F.3d 467, 469–70 (6th

8

Cir. 2018) (internal citations omitted). The scope of a charge is interpreted liberally where a plaintiff was not assisted by counsel. Johnson v. Cleveland City Sch. Dist., 344 F. App'x 104, 109 (6th Cir. 2009).

The Magistrate Judge found that Plaintiff's failure to accommodate claim fails for two reasons. (See ECF No. 21 at PageID 105.) First, Plaintiff failed to exhaust her administrative remedies because she did not include, even under a liberal instruction, any mention of a requested or denied accommodation in her EEOC charge. (Id.) Second, Plaintiff has not pleaded adequate facts to plausibly allege a failure to accommodate claim; in fact, she "has not even alleged that she requested a reasonable accommodation." (Id.) She asserts this claim merely by checking the relevant box on the form complaint without alleging any facts in support. (Id. (citing ECF No. 2 at PageID 4).)

Finding no clear error on the face of the record, the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** Plaintiff's claim for retaliation.

### IV. CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the Magistrate Judge's recommendation that Plaintiff fails to state a claim for which the Court can grant relief. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

**IT IS SO ORDERED** this 8th day of July, 2025.

                                       */s/ Jon P. McCalla*
                                       JON P. McCALLA
                                       UNITED STATES DISTRICT JUDGE